IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FERNANDO PEREZ,                )
        Petitioner,            )       C.A. No. 09-44 Erie
                               )
        v.                     )
                               )       **District Judge McLaughlin**
FRANCISCO J. QUINTANA,         )       **Magistrate Judge Baxter**
        Respondent.            )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

Petitioner, federal prisoner Fernando Perez, has filed a document entitled *Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 And Motion For A Preliminary Injunction Pursuant To Fed.Civ.R. 65(a)(1)*. [Document #1]. It is recommended that the petition be summarily dismissed without service and that the motion for injunctive relief be denied.

### II.    REPORT

Petitioner commenced this action on or around February 23, 2009.[1] [Document #1]. He seeks an order from this Court terminating his term of supervised release, which he will begin serving upon the expiration of his term of imprisonment. [Document #1 at pp. 2-3]. His term of imprisonment is scheduled to expire on August 23, 2009.[2]

Petitioner claims that he is entitled to habeas relief because the Bureau of Prisons (the "Bureau") unlawfully denied his request to be placed in a Residential Drug Abuse Program ("RDAP") that was scheduled to begin in December 2007, and instead placed him in an RDAP

---

[1] At that time, Petitioner was incarcerated at the Federal Correctional Institution McKean, located in Bradford, Pennsylvania. According to Petitioner, he was transferred to a halfway house on February 24, 2009.

[2] In the petition, Petitioner states that his term of imprisonment is scheduled to expire on November 4, 2010. [Document #1 at p. 2]. According to information available to the public at www.bop.gov, Petitioner's term of imprisonment currently is set to expire on August 23, 2009.

1

that began in April 2008.³  Petitioner does not identify the policy he is challenging or explain what about it is allegedly unlawful.

The petition has not been served yet but this Court may dismiss it if it plainly appears on its face that Petitioner is not entitled to relief in habeas. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b).  That is the case here.  Although Petitioner has styled this action as a habeas action, he is not requesting habeas relief, *i.e.,* that he be immediately released from Bureau custody or even that he be released early.  See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody).  Rather, he is requesting that this Court change the terms of the sentence imposed by another federal district court.⁴  This Court has no authority to terminate or modify Petitioner's term of supervised release.  "Pursuant to 18 U.S.C. § 3583(e), only the sentencing court has the authority to modify [Petitioner's] term of supervised release."  Burkey v. Marberry, 556 F.3d 142, 146 n.3 (3d Cir. 2009) (citing Gozlon-Peretz v. United States, 498 U.S. 395, 400-01 (1991); United States v. Lussier, 104 F.3d 32, 34-35 (2d Cir. 1997)).

In sum, Petitioner requests one thing from this Court:  an order terminating his term of supervised release.  Such a request must be made to the federal district court that imposed his sentence pursuant to 18 U.S.C. § 3583(e).  The petition for habeas corpus must be dismissed, and his request for injunctive relief (in which he is merely seeking the same relief that he seeks in his habeas petition) must be denied.

---

³

Petitioner asserts that he was harmed by the Bureau's alleged unlawful conduct because it delayed his placement in an RDAP until April 2008, which in turn purportedly hindered his ability to be considered for: (1) a twelve-month sentence reduction (which is the maximum that he is eligible to receive under 18 U.S.C. § 3621(e)(2)(B)); and, (2) a full twelve-month placement in a halfway house prior to his reduced-sentence expiration date (which is the maximum he could receive under 18 U.S.C. § 3624(c)(1), as amended by the Second Chance Act of 2007, PL 110-119 (effective April 9, 2008)).  [Document #1 at p. 2].

⁴

Petitioner does not disclose in which federal district court he was convicted and sentenced.  It was not the United States District Court for the Western District of Pennsylvania.

2

### III. CONCLUSION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be dismissed and that the motion for a preliminary injunction be denied.[5] In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B), the parties are allowed 10 days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have 7 days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                              /s/ Susan Paradise Baxter
                                              SUSAN PARADISE BAXTER
                                              U.S. Magistrate Judge

Dated: July 14, 2009

---

[5] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).